IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: )
) CASE NO. 303-15353
DAVID BRIAN HAYS, ) CHAPTER 7
)
  Debtor. ) JUDGE HARRISON
)
T. LARRY EDMONDSON, AS ) ADV. NO. 304-0495A
CHAPTER 7 TRUSTEE FOR DAVID )
BRIAN HAYS, AND SOUTHEASTERN )
MAINTENANCE COMPANY, )
)
  Plaintiff, )
)
v. )
)
WALTER LEE ODOM III, AND )
W.L. ODOM ENTERPRISES, INC., )
)
  Defendants/Counter-Plaintiffs, )
)
v. )
)
DAVID BRYAN HAYS, )
)
  Counter-Defendant. )

## MEMORANDUM OPINION

This matter is before the Court upon the defendants' motion requesting that the Court abstain from hearing this adversary. For the following reasons, which represent the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, the Court finds that the motion to abstain should be granted.

Prior to the debtor filing his bankruptcy petition, the debtor and the defendants were litigating the dissolution of their partnership in chancery court. On May 8, 2003, the chancery court entered an agreed order in the matter, which provided for the liquidation of the parties' "50-50" partnership. When the debtor's case was converted to Chapter 7 and the Trustee appointed, the Trustee removed the chancery court action to this Court.

While it appears that mandatory abstention may preclude hearing this matter, there is no need to resolve that issue because the Court finds that it should abstain from hearing this matter under the more liberal standard regarding permissive abstention.

In *Refrigerant Reclamation Corp. of Am. v. Todack (In re Refrigerant Reclamation Corp. of Am.)*, 186 B.R. 78, 84 (Bankr. M.D. Tenn. 1995), Judge Keith M. Lundin listed relevant factors to consider in deciding whether to permissively abstain from hearing a matter. Several of these factors, as the Court will discuss, support the decision to abstain.

The first factor considered by this Court is the effect or lack thereof of the efficient administration of the estate if the Court recommends abstention. Allowing the chancery court to determine the dissolution issues will not effect the administration of the estate despite the Trustee's concerns. Obviously, the chancery court is limited to liquidating the partnership to monetary award(s). Its decisions must not violate the automatic stay, and

preference actions can still be brought in this Court should any such actions come to light as part of the partnership dissolution.

The second factor considered is the extent to which state law issues predominate over bankruptcy issues. State law is controlling over the partnership dissolution which is essentially a cause of action to determine ownership of partnership assets and an accounting of partnership accounts. Any preference actions can be dealt with further down the road.

The third factor considered is the presence of a related proceeding commenced in a state court or other nonbankruptcy court. This cause of action to dissolve the partnership was commenced pre-petition in the chancery court.

The fourth factor considered is whether a jurisdictional basis, if any, other than 28 U.S.C. § 1334 exists. There is no independent jurisdictional basis for the Court to hear this adversary.

The fifth factor considered is the degree of relatedness or remoteness of the proceedings to the main bankruptcy case. The subject of this adversary is related to the main bankruptcy case only to the extent that it will impact the assets available for distribution.

However, as stated above, any bankruptcy issues can still be brought and decided in this Court.

The sixth factor considered is the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court. There is no problem in severing these issues, especially in light of the chancery court's order regarding the procedure for dissolving and liquidating the partnership. The chancery court can reduce the dissolution to monetary award(s), and the chancery court's judgment as it relates to the debtor and his estate can be enforced in this Court.

The seventh factor considered is the burden of the bankruptcy court's docket. While hearing this matter would not be a burden on the bankruptcy court's docket, it makes more sense that the chancery court, which is a court of competent jurisdiction and is already familiar with the governing law and facts of this matter, should decide this cause of action.

For these reasons, the Court finds that the defendants' motion to abstain should be granted. Again, the Court is only abstaining from the dissolving and liquidating of the partnership. This does not give the chancery court authority to order the debtor or his estate to pay any amounts.

An appropriate ORDER will issue.

_____
**MARIAN F. HARRISON**
**UNITED STATES BANKRUPTCY JUDGE**

A copy of this order shall be mailed in accordance with
Fed. R. Bankr. P. 2002, LBR 9013-1 and 9013-3 by:

[ ] Debtor or Dr's Atty  [ ] Atty for Movant
[ ] Trustee or Tr's Atty  [ ] _____

[✓] Clerk's Office only:
[ ] Chief Deputy           [ ] Debtor and Dr's Atty
[ ] Financial Clerk        [ ] Trustee &/or Tr's Atty
[ ] Judgment Book          [ ] Movant &/or Mvt's Atty
[ ] Adversary Case         [ ] All parties to agreed order
[ ] UST                    [ ] All parties in cert of svc
[ ] _____              [ ] All creditors

5-U.S. Bankruptcy Court, M.D. Tenn.